IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS SCHMITZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1952 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Petitioner Thomas Schmitz, a state inmate proceeding *pro se*, filed this habeas corpus proceeding under 28 U.S.C. § 2254 challenging his parole denial.[1] After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for the reasons set forth below.

Petitioner claims that the parole denial violates his rights to equal protection and due process of the law. He admits he has no right to parole, but asserts nonetheless that laws, rules, and policies regarding parole should be applied as written and in an equitable manner. An inmate does not have a constitutional right to conditional release prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). In addition, an inmate in the Texas prison system has no

---

[1] To the extent that any of petitioner's claims may be construed as a claim brought under 42 U.S.C. § 1983, *e.g.*, *Brown v. Dretke*, No. 05-50063 (5th Cir. June 6, 2006), the Court notes that it would not change the results in this case.

constitutionally protected right to be released on parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). As a Texas state inmate has no liberty interest in being released on parole, he cannot prevail on a habeas claim that his right to due process was violated as a result of the procedures used to determine whether or not he should be released on parole. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Petitioner's habeas complaints regarding the procedures used by the Board of Pardons and Paroles and the facts relied on by the Board in deciding not to release him on parole do not entitle him to relief in this proceeding.

Petitioner further claims that he was denied parole because he was not represented by counsel, and that without counsel, "his chance[s] of parole are greatly diminished by up to 400%." (Docket Entry No. 1, p. 7b.) He also claims he was denied parole "solely because he was a first time, convicted robber[.]" (*Id.*) To the extent petitioner is raising an equal protection claim, he fails to allege or show that he is a member of a suspect class being denied parole or that he otherwise was denied a fundamental right. *See Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998). Moreover, his petition shows that this particular ground was not exhausted by inclusion in his application for habeas relief in state court. (Docket Entry No. 1, p. 3). As a result, this ground would be barred under Texas habeas law as an abuse of the writ. *See Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999).

The federal courts are authorized to dismiss habeas corpus petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because the claims raised by petitioner plainly lack merit, the petition lacks an arguable basis in law and is subject to dismissal for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the ___ day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3